IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE RICE CORPORATION, d/b/a THE RICE COMPANY, a Delaware corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>GRAIN BOARD OF IRAQ, an Iraqi state company; IRAQI MINISTRY OF TRADE, an Iraqi state agency; REPUBLIC OF IRAQ; and DOES 1 through 50, inclusive,<br><br>          Defendants. | 2:06-cv-1516-GEB-DAD<br><br>ORDER |

Plaintiff requests authorization to substitute service of process on Defendants Grain Board of Iraq ("GBI") and Iraqi Ministry of Trade ("MOT")[1] under Rule 4(j)(1) of the Federal Rules of Civil

/////

/////

/////

/////

---

[1] Plaintiff does not reference the Republic of Iraq in its request.

1

1  Procedure and 28 U.S.C. § 1608(b)[2] by mail to a post office box and by
2  email.

### DISCUSSION

Plaintiff filed its Complaint on July 7, 2006; on July 10, 2006, an Order Setting Status (Pretrial Scheduling) Conference issued, which scheduled a Status Conference in this case for September 25, 2006.  On September 15, 2006, the Status Conference was continued to December 18, 2006, because "Plaintiff ha[d] not yet perfected service of process"; Plaintiff was warned that "[i]f a defendant is not served by November 6, 2006, said defendant could be dismissed from this action under Federal Rule of Civil Procedure 4(m)."  (Order Continuing Status (Pretrial Scheduling) Conference, Sept. 15, 2006, at 1-2.) Further, the September 15 Order required Plaintiff to show cause ("OSC") no later than 4:00 p.m. on November 10, 2006, why any unserved defendant should not be dismissed from this action because of Plaintiff's failure to perfect service "within the 120-day time period prescribed by Rule 4(m)."  (Id. at 2.)  On November 10, 2006, Plaintiff responded to the OSC and requested permission to substitute service of process.

In Plaintiff's request for substituted service, Plaintiff asserts that Rule 4(j)(1) and § 1608 apply because "Defendant [GBI] is an agency or instrumentality of a Foreign State within the meaning of the statute" and Plaintiff explains further that "[t]he [GBI] is a

---

[2] Plaintiff makes contradictory statements regarding which Federal Rule of Civil Procedure is the basis for its request. It first states the request is made under "Rules 4(h)(2) and 4(f)(3)[,]" but later states that "28 U.S.C. § 1608(b) and [Rule] 4(j) set forth the requirements for service of process on the Defendant [GBI] . . . ." (Pl.'s Request at 1, 2.)  Since Plaintiff's argument follows the analysis set forth in Rule 4(j)(1), it is presumed that Plaintiff's references to Rules 4(h)(2) and 4(f)(3) are erroneous.

high level government agency as is the [MOT]."[3]  (Pl.'s Request at 3-4.)  However, these conclusory assertions do not demonstrate that either GBI or MOT is an agency or instrumentality within the meaning of Rule 4(j)(1) and § 1608.

Plaintiff is provided a further opportunity to demonstrate these assertions in a filing due no later than 4:00 p.m. on December 21, 2006.  This filing is required to explain why GBI and MOT **each** qualify as an agency or instrumentality within the meaning of Rule 4(j)(1) and § 1608(b); whether an international convention on service of judicial documents is applicable within the meaning of § 1608(b)(2); whether the requested means of substituted service are consistent with the laws of Iraq within the meaning of § 1608(b)(3)(C); and whether Plaintiff is seeking to substitute service on Defendant Republic of Iraq.  Plaintiff shall also file a proposed order at the same time.

The Status (Pretrial Scheduling) Conference is rescheduled to commence at 9:00 a.m. on March 26, 2007.  Plaintiff shall file a status report no later than fourteen days prior to the status conference.

IT IS SO ORDERED.

Dated:  December 14, 2006

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[3] These sections are excluded from Rule 4(m)'s 120-day service requirement.  See Rule 4(m).