IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE RICE CORPORATION, d/b/a THE RICE COMPANY, a Delaware corporation,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>GRAIN BOARD OF IRAQ, an Iraqi state company; IRAQI MINISTRY OF TRADE, an Iraqi state agency; REPUBLIC OF IRAQ; and DOES 1 through 50, inclusive,<br><br>　　　　　　Defendants. | 2:06-cv-1516-GEB-DAD<br><br>ORDER |

　　　　Plaintiff requests authorization to substitute service of process on Defendants Grain Board of Iraq ("GBI") and Iraqi Ministry of Trade ("MOT") under Rule 4(j)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1608(b)(3)(C); specifically, Plaintiff requests it be authorized to serve these Defendants by mail at a post office box and by email.  For the following reasons, Plaintiff's request is granted.

　　　　Rule 4(j)(1) and § 1608(b) govern service on agencies or instrumentalities of foreign states.  Plaintiff asserts in its request

1

1 filed November 10, 2006, ("Original Request") that "[GBI] is an agency
2 or instrumentality of a Foreign State within the meaning of the
3 statute."  (Original Request at 3.)  On December 14, 2006, an Order
4 issued ("December 14 Order") requiring Plaintiff to explain, inter
5 alia, "why GBI and MOT **each** qualify as an agency or instrumentality
6 within the meaning of Rule 4(j)(1) and § 1608(b) . . . ."
7 (December 14 Order at 3.)  On December 21, 2006, Plaintiff filed a
8 "Supplemental Memorandum in Further Support of Motion to Authorize
9 Substitute Service of Process" ("Supplemental Memorandum") in which
10 Plaintiff further explains its request for substituted service on GBI
11 and MOT, and states it does not seek such service on Defendant
12 Republic of Iraq.

13       Plaintiff's Original Request and Supplemental Memorandum
14 sufficiently demonstrate that GBI and MOT are "agencies or
15 instrumentalities" under Rule 4(j)(1) and § 1608(b).[1]

16       Section 1608(b) provides:

17     (b) Service in the courts of the United States and
    of the States shall be made upon an agency or
18     instrumentality of a foreign state:

19         (1) by delivery of a copy of the summons
        and complaint in accordance with any
20         special arrangement for service between
        the plaintiff and the agency or
21         instrumentality; or

---

[1] To qualify as an "agency or instrumentality," an entity must be "a separate legal person, corporate or otherwise . . . ." 28 U.S.C. § 1603(b)(1). An entity is subject to suit under this section if it is "capable of . . . contracting in its own name . . . ." <u>Unidyne Corp. v. Aerolineas Argentinas</u>, 590 F. Supp. 398, 400 (E.D. Va. 1984) (citations omitted). Although Plaintiff's Original Request and Supplemental Memorandum fail to address this issue, it is assumed that both GBI and MOT are capable of contracting in their own names since Plaintiff's Complaint alleges a contract dispute between Plaintiff and GBI, and that "[GBI] is operated under Defendant MOT . . . ." (Compl. ¶ 2.)

        (2) if no special arrangement exists, by delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process in the United States; or in accordance with an applicable international convention on service of judicial documents; or

        (3) if service cannot be made under paragraphs (1) or (2), and if reasonably calculated to give actual notice, by delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state–

            (A) as directed by an authority of the foreign state or political subdivision in response to a letter rogatory or request or

            (B) by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served, or

            (C) as directed by order of the court consistent with the law of the place where service is to be made.

Plaintiff's Original Request and Supplemental Memorandum sufficiently demonstrate that Plaintiff has not been able to effect service of process under § 1608(b)(1), (2), (3)(a) or (b), and that Plaintiff's requested means of substituted service on GBI and MOT are "reasonably calculated to give actual notice."  28 U.S.C. § 1608(b)(3).  Accordingly, Plaintiff's request is granted.

Therefore, Plaintiff is authorized to serve GBI as follows:

    1.   Mailing a copy of the summons and complaint, together with a translation of each into the official language of Iraq, to the post office boxes identified in Plaintiff's Original Request;  and

        2.    by emailing a copy of the summons and complaint, together with a translation of each into the official language of Iraq, to the email addresses identified in Plaintiff's Original Request.

Plaintiff is authorized to serve MOT as follows:

        1.    Mailing a copy of the summons and complaint, together with a translation of each into the official language of Iraq, to the post office boxes identified in Plaintiff's Original Request; and

        2.    by emailing a copy of the summons and complaint, together with a translation of each into the official language of Iraq, to the email addresses identified in Plaintiff's Original Request and in Plaintiff's Supplemental Memorandum.

IT IS SO ORDERED.

Dated: December 29, 2006

_____
GARLAND E. BURRELL, JR.
United States District Judge

4