IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| THE RICE CORPORATION dba THE RICE COMPANY,<br><br>          Plaintiff,<br><br>     v.<br><br>GRAIN BOARD OF IRAQ; and IRAQI MINISTRY OF TRADE<br><br>          Defendants. | 2:06-cv-1516-GEB-DAD<br><br><u>ORDER</u> |

On June 20, 2008, Defendants the Grain Board of Iraq (the "Grain Board") and the Iraqi Ministry of Trade (the "MOT") (collectively "Defendants") filed a motion to set aside the Clerk of the Court's entry of default, arguing (1) since Defendants were not properly served, the Court did not have personal jurisdiction over Defendants; and, (2) even if Defendants were properly served, there is good cause for setting aside the default. Defendants also object to the Magistrate Judge's Finding and Recommendations in which default judgment is recommended based on the Clerk's default. Plaintiff opposes Defendants' positions on the issues. Oral argument was held August 25, 2008.

//

BACKGROUND

On November 10, 2006, Plaintiff requested an order authorizing substituted service of process upon each Defendant under the Foreign Sovereign Immunities Act (the "FSIA"), 28 U.S.C. § 1608(b)(3)(C). Specifically, Plaintiff requested authority to serve a copy of the summons and complaint, along with Arabic translations of each, on Defendants by "regular mail" to a post office box in Iraq and by "email" to email addresses in Iraq. (Dkt. No. 10, Pl.'s Memorandum in support of Request for an Order Authorizing Substituted Service, at 6:3-25; Dkt. No. 14, Pl.'s Supp. Memorandum in support of Request for an Order Authorizing Substituted Service, at 6:20-27.) Plaintiff's request was granted in an order filed December 29, 2006. Plaintiff then served process by mail and email. Defendants failed to respond to this service, and Plaintiff then requested the Clerk of the Court to enter each Defendant's default. The Clerk entered the requested defaults on August 27, 2007.

Plaintiff filed its motion for default judgment against both Defendants on October 5, 2007. On May 19, 2008, the Magistrate Judge issued Findings and Recommendations recommending that default judgment be entered. These Findings and Recommendations, together with an Arabic translation of them, were served on Defendants via United States Express Mail and email. Defendants filed the motion sub judice and objections to the Magistrate Judge's Findings and Recommendations on June 20, 2008.

ANALYSIS

Defendants argue Plaintiff's attempted service under the FSIA was defective, and, therefore "[no] *in personam* or subject matter jurisdiction [exists] over either Iraq Sovereign Defendant — the

2

consequence of which is that the Clerk's entry of default is without legal effect" and the Magistrate Judge's recommendation of entry of default judgment in his Findings and Recommendations should not be adopted. (Mot. at 4:20-25.) Plaintiff counters that "a defendant who fails to timely answer or appear waives any jurisdictional . . . defenses." (Opp'n at 14:8-12.) However, "a defendant [may] challenge personal jurisdiction [even] after a default judgment has been entered" unless this defense has been waived. Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107 (9th Cir. 2000). Plaintiff has not shown that the defense has been waived.

During oral argument, Plaintiff conceded the MOT is a "political subdivision" of Iraq. The FSIA prescribes that a "political subdivision of a foreign state" must be served as prescribed in 28 U.S.C. § 1608(a). Here, Plaintiff requested and received an order granting it authority to serve the MOT under 28 U.S.C. § 1608(b). Since it is undisputed that Plaintiff's service on the MOT was not made as prescribed in § 1608(a), the MOT has not received proper service and the Court lacks personal jurisdiction over it.

Defendants argue Plaintiff's service by email on the Grain Board was improper since the Grain Board as an instrumentality of Iraq was required to be served under 28 U.S.C. § 1608(b)(3)(C). Section 1608(b)(3)(C) provides service must be "consistent with the law of the place where service is to be made." Defendants argue "Iraqi law does not allow service of process by email." (Mot. at 13:18-14:14.) Defendants submit the declaration of Hanan M. Nassef, the Director General of the Legal Department of the Ministry of Justice of the Republic of Iraq, in which Ms. Nassef attests "[n]othing in Iraqi law

1  permits the service of legal process by email delivered to a defendant
2  party." (Dkt. No. 77, Nassef Decl. ¶ 11.) Plaintiff counters "there
3  is no evidence stating that service by . . . email is 'prohibited' by
4  Iraqi law," relying on New England Merchants National Bank v. Iran
5  Power Generation & Transmission Co., 495 F. Supp. 73, 79 (S.D.N.Y.
6  1980), in which the court held "the language [requiring service to be
7  'consistent' with the law of the foreign state] indicates that the
8  mode of service authorized by the court should not be prohibited under
9  the law of the foreign state." (Opp'n at 11:27-12:1.) However, Ms.
10 Nassef further attests, "Under the Iraqi civil law system, that which
11 is not expressly permitted by statute is prohibited." (Dkt. No. 98,
12 Nassef Decl. ¶ 3.A.) Plaintiff objects to Ms. Nassef's declarations,
13 arguing Ms. Nassef's testimony lacks foundation, is speculative, and
14 constitutes improper opinion. (Dkt. No. 89, Pl.'s Objections, at
15 2:20-21.) Plaintiff also argues there is no "evidence substantiating
16 [Ms. Nassef's] credentials." (Dkt. No. 89, Pl.'s Objections, at 2:2.)
17 Federal Rules of Civil Procedure 44.1 authorizes consideration of Ms.
18 Nassef's opinions in light of her averments explaining her position
19 and responsibilities in "management of litigation outside Iraq . . .
20 [concerning] claims . . . made against the Government of Iraq, its
21 agencies and instrumentalities," and since Plaintiff makes only
22 conclusory arguments against her proferred testimony. (Dkt. No. 77,
23 Nassef Decl. ¶ 3.) See generally Universe Sales Co., Ltd. v. Silver
24 Castle, Ltd., 182 F.3d 1036, 1039 (9th Cir. 1999) (indicating a court
25 may "accept the uncontradicted testimony of an expert to establish the
26 relevant foreign law" (citation omitted)). The record does not
27 support Plaintiff's position that service by email is a permitted
28

means of service under Iraqi laws; therefore, this means of service on the Grain Board has not been shown to constitute valid service.

Defendants further argue Plaintiff's use of express mail to serve the Grain Board was improper because Plaintiff does not present a return receipt or other proof of service, as required by the FSIA. (Mot. at 11:18-19, 14:10-14.)  Plaintiff counters that service by express mail, without a return receipt, has been approved by other courts. (Opp'n at 12:17-13:2.)  However, the cases on which Plaintiff relies involved service of process of an individual in a foreign country under Federal Rules of Civil Procedure 4(f)(3), not service under the FSIA.  The FSIA prescribes that "[s]ervice shall be deemed to have been made . . . as of the date of receipt indicated in the certification, signed and returned postal receipt, or other proof of service applicable to the method of service employed."  28 U.S.C. § 1608(c)(2).  See also Semi Conductor Materials, Inc. v. Agriculture Inputs Corp., No. 96 Civ. 7902, 1998 WL 388503, at *8 (S.D.N.Y. June 23, 1998) (holding service was defective because there was no "signed and returned postal receipt"); Underwood v. United Republic of Tanzania, Civ. No. 94-902, 1995 WL 46383, at *3 (D.D.C. Jan. 27, 1995) (holding that the plaintiff must file "proof that service was consummated"); LeDonne v. Gulf Air, Inc., 700 F. Supp. 1400, 1412 & 1412 n.21 (E.D. Va. 1988) ("Plaintiff here has failed to offer any proof that process was received.").  Plaintiff has only provided express mail receipts showing that the service documents were mailed but does not provide proof that the service documents were received. (Dkt. No. 19, Pl.'s Certificate of Service.)  Accordingly, Plaintiff has not shown that service has been made on the Grain Board; therefore the Court lacks personal jurisdiction over the Grain Board.

1      Plaintiff argued for the first time during oral argument
2 that the "substantial compliance" standard applies to service of
3 process on the Grain Board.  See Straub v. A P Green, Inc., 38 F.3d
4 448 (9th Cir. 1994).  However, "the Court need not consider an issue
5 . . . raised for the first time at oral argument."  Ramirez v.
6 Salvation Army, No. C06-0631, 2006 WL 1867722, at *9 (N.D. Cal. July
7 6, 2006).
8      For the reasons stated, Defendants' motion is granted.  The
9 Clerk's entry of default is set aside and the Magistrate's Findings
10 and Recommendations recommending the entry of default judgment will
11 not be adopted.

Dated:  September 29, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge